UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FLAVOR-PIC TOMATO CO., INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-5826** |
| **ANTHONY GAMBINO d/b/a CREOLE R&R FLAVORED PRODUCE** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Rule 12(b)(6) Motion to Dismiss filed by defendant Anthony Gambino d/b/a Creole R&R Flavored Produce (Doc. #11) is **DENIED**.

## BACKGROUND

This matter is before the court on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant, Anthony Gambino d/b/a Creole R&R Flavored Produce. Gambino argues that this matter should be dismissed because plaintiff's claims are time barred.

Plaintiff, Flavor-Pic Tomato Co., Inc., is a wholesale seller of perishable agricultural commodities in interstate commerce, operating under a United States Department of Agriculture license issued pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, et seq. From August 20, 2009, to January 5, 2010, Flavor-Pic sold and delivered produce to Gambino twelve times. Each transaction is detailed on a separate invoice which provides for interest of 1.5% per month if the invoice is not paid within 10 days. The invoices all include the language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of theses commodities until full payment is received.

On November 11, 2015, Flavor-Pic filed this action in the United States District Court for the Eastern District of Louisiana alleging that Gambino failed to pay the invoices. Flavor-Pic alleges that the invoices perfect a claim under PACA. As a result, Flavor-Pic alleges claims against Gambino for enforcement of the PACA trust, a violation of PACA for failure to pay promptly, a violation of PACA for failure to maintain a trust, breach of contract, breach of fiduciary duty, and interference with receipt of trust assets. Gambino filed a motion to dismiss arguing that the claims are time barred.

## ANALYSIS

**I.  Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50. In considering a motion to dismiss for failure to state a claim, a district

court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

II.     **Gambino's Motion to Dismiss**

    A. **Flavor-Pic's Claims for Enforcement of the PACA Trust, Violation of PACA for Failure to Pay Promptly, Breach of Fiduciary Duty, Violation of PACA for Failure to Maintain a Trust, and Interference with Receipt of Trust Assets**

Gambino argues that the two-year peremptive period applicable to a beneficiary's cause of action against a trustee for acts, omissions, or breaches of duty stated in Louisiana Revised Statutes § 9:2234[1] applies to Flavor-Pic's PACA, breach of fiduciary duty and interference with receipt of trust assets claims.

---

[1] La. Rev. Stat. § 9:2234 states:

A. An action for damages by a beneficiary against a trustee for any act, omission, or breach of duty shall be brought within two years of the date that the trustee renders, by actual delivery or mail to the beneficiary, or if the beneficiary lacks legal capacity, the beneficiary's legal representative, to the last known address of the beneficiary and that of the legal representative if any, an accounting for the accounting period in which the alleged act, omission, or breach of duty arising out of the matters disclosed therein occurred. However, such actions shall in all events, even as to actions within two years of disclosure, be filed within three years of the date that the trustee renders an accounting for the accounting period in which the alleged act, omission, or breach of duty occurred. If a beneficiary is a minor when a trustee's accounting for the accounting period in which the alleged act, omission, or breach of duty occurred is rendered, the prescriptive period of two years begins to run from the day he reaches the age of eighteen years.

B. Any action by a beneficiary against a trustee other than those described on Subsection A of this Section is prescribed by two years beginning from the date that the trustee renders his final account to the beneficiary.

C. The provisions of this Section are remedial and apply to all causes of action for damages without regard to the date when the alleged act, omission, or breach of duty occurred. The two-year and three-year periods of limitation provided for in this Section are peremptive periods within the meaning of Civil Code Article 3458, and in accordance with Civil Code Article 3461 may not be renounced, interrupted, or suspended. Notwithstanding the foregoing, a beneficiary shall have one year from July 9, 1999, to bring an action for damages against a trustee arising out of an act, omission, or breach of duty for a transaction disclosed in any prior accounting.

D. Notwithstanding any other provision of law, all actions brought in the state against any trustee, the prescriptive and peremptive period shall be governed exclusively by this Section.

3

PACA was enacted in 1930 "to regulate the sale of perishable commodities." Endico Potatoes, Inc. v. CIT Grp./Factoring, Inc., 67 F.3d 1063, 1066 (2d Cir. 1995). The House Report to the 1984 amendments explains that PACA's purpose is:

> to encourage fair trading practices in the marketing of perishable commodities by suppressing unfair and fraudulent business practices in marketing of fresh and frozen fruits and vegetables . . . and providing for collecting damages from any buyer or seller who fails to live up to his contractual obligations.

Id. (quoting H.R.Rep. No. 543, 98th Cong., 2d Sess. 3 (1983), *reprinted in* 1984 U.S.C.C.A.N. 405, 406).

In the 1980s Congress recognized that sellers of perishable commodities need to sell their goods quickly and are "often placed in the position of being unsecured creditors of companies whose creditworthiness the seller is unable to verify." Id. at 1067. The produce seller's status as an unsecured creditor made it vulnerable to a purchaser's default, and the seller recovered, "if at all, only after banks and other lenders who have obtained security interests in the defaulting purchaser's inventories, proceeds, and receivables." Id. (citing see JSG Trading Corp. v. Tray–Wrap, Inc., 917 F.2d 75, 77 (2d Cir.1990); H.R.Rep. No. 543, at 3, *reprinted in* 1984 U.S.C.C.A.N. at 406–07). To address this issue, in 1984, Congress added § 499e(c) to PACA, "which impresses a trust in favor of the sellers on the inventories of commodities, the products derived therefrom, and the proceeds of sale of such commodities and products." Id. (citing H.R.Rep. No. 543, at 4, *reprinted in* 1984 U.S.C.C.A.N. at 407).

Specifically, § 499e(c)(2) of PACA provides that:

> [p]erishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such

> commodities or products, shall be held by such commission merchant, dealer or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities . . . until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2). "This provision imposes a 'non-segregated floating trust' on the commodities and their derivatives, and permits the commingling of trust assets without defeating the trust." Endico Potatoes, 67 F.3d at 1067 (citing 7 C.F.R. § 46.46(c); see also JSG Trading, 917 F.2d at 78).

"Through this trust, the sellers of the commodities maintain a right to recover against the purchasers superior to all creditors, including secured creditors." Id. (citations omitted). The United States Court of Appeals for the Fifth Circuit has explained that "PACA liability attaches first to the licensed commission merchant, dealer, or broker of perishable agricultural commodities" but if its assets "are insufficient to satisfy the PACA liability, then others may be held secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust." Golman-Hayden Co., Inc. v. Fresh Source Produce Inc., 217 F.3d 348, 351 (5th Cir. 2000) (citations omitted). Thus, "individual shareholders, officers or directors of a corporation who are in a position to control trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under PACA." Id. A sole shareholder has "absolute control of the corporation" and can be personally liable for breaching his fiduciary duty to preserve trust assets under PACA. Id. "General principles of trust law govern PACA trusts." Reaves Brokerage Co., Inc. v. Sunbelt Fruit and Vegetable Co., Inc., 336 F.3d 410, 413 (5th Cir. 2003).

1. **Limitations Period for Enforcement of the PACA Trust and Violation of PACA for Failure Promptly to Pay**

Two of Flavor-Pic's claims seek enforcement of Gambino's PACA trust obligations and to preserve Flavor-Pic's interest in the trust *res*. Under PACA, when a seller who meets certain eligibility requirements[2] "transfers ownership, possession, or control of goods to a commission merchant dealer or broker, it automatically becomes eligible to participate in the trust." 7 C.F.R. § 46.46(c)(1). A trust participant that preserves its rights to the trust benefits remains a beneficiary until it is paid in full. Id. Thus, there is no statute of limitations for a seller to bring an action to enforce the trust or preserve its an interest in the trust *res,* and Gambino's motion to dismiss is DENIED as to Flavor-Pic's claims for enforcement of the PACA trust and violation of PACA for failure promptly to pay.

2. **Limitations Period for Breach of Fiduciary Duty, Violation of PACA for Failure to Maintain a Trust, and Interference with Receipt of Trust Assets**

In Weis-Buy Servs., Inc. v. Paglia, 411 F.3d 415, 423 (3d Cir. 2005), the court recognized that there is a distinction between a seller's claim to enforce the trust or preserve its interest in the trust *res*, and a seller's claim against the trustee for breach of its fiduciary duty. Flavor-Pic's claims for violating PACA for failure to maintain a trust and interference with receipt of trust assets are breach of fiduciary duty claims.

PACA does not provide a limitations period for breach of fiduciary duty claims filed in court. "[W]hen a federal law provides the basis for the cause of action, but fails to supply a statute of limitations, [the court] must borrow an appropriate statute of limitations from the law of the forum state" and "incorporate relevant state tolling rules." Weis-Buy Servs., 411 F.3d at 422. In Weis-Buy

---

[2] It is assumed that Flavor-Pic is an eligible seller because Gambino has not argued otherwise.

Servs., the court applied 42 Pa.C.S.A. § 5524(7),[3] which provides a statute of limitations of two years from the date the claim accrues. Id.

Under Louisiana law a breach of a fiduciary duty is generally a personal action subject to the ten-year prescriptive period set forth in Louisiana Civil Code Article 3499. dela Vergne v. dela Vergne, 745 So.2d 1271, 1275 (La. Ct. App. 2008). "However, courts must consider the underlying claim to determine if the action is indeed one for breach of fiduciary duty which is governed by the 10 year prescriptive period or merely a suit against a fiduciary for negligence which is governed by the one year prescriptive period" of La. Civ. Code art. 3492. Id. Further, the peremptive periods set forth in La. Rev. Stat. § 9:2234 "are triggered by an accounting by the trustee." Cook v. Cook, 888 So.2d 1061, 1063 (La. Ct. App. 2004). The defendant has the burden of demonstrating when it "made an accounting to the plaintiff sufficient to trigger the commencement of the prescriptive period." Id.

In this case, Flavor-Pic's claims are for breach of a fiduciary duty, not negligence. It alleges that Gambino deliberately violated PACA by failing to maintain the trust, interfered with receipts of trust assets and breached his fiduciary duty by failing to ensure that there were sufficient trust

---

[3] Section 5524(7) provides:

> The following actions and proceedings must be commenced within two years:
>
> Any other action or proceeding to recover damages for injury to a person or property which is founded on negligence, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

This provision applies to breach of fiduciary duty claims arising under Pennsylvania law. See Weis-Buy Servs., 411 F.3d at 422 (citing In re Mushroom Transp Co., 382 F.3d 325, 336 (3d Cir. 2004); Maillie v. Greater Del. Valley Health Care, Inc., 156 Pa.Cmwlth. 582, 628 A.2d 528, 532 (1993)).

assets available to satisfy all of his obligations to Flavor-Pic as an unpaid produce supplier. Further, there is no evidence of any accounting by Gambino that would trigger the peremptive period of La. Rev. Stat. § 9:2234. Thus, these claims are subject to the 10-year prescriptive period set forth in Article 3499. The produce sales occurred from August 20, 2009, to January 5, 2010. This action was filed less than ten years later on November 11, 2015. Therefore, Gambino's motion to dismiss is DENIED as to Flavor-Pic's claims for violating PACA for failure to maintain a trust, interference with receipt of trust assets and breach of fiduciary duty.

### C. Flavor-Pic's Breach of Contract Claim

Gambino characterizes Flavor-Pic's breach of contract claim as a claim on an open account, and argues that it is prescribed.

Louisiana Civil Code article 3494 provides for a three-year prescriptive period for actions on open accounts. Breach of contract actions are subject to the ten-year prescriptive period set forth is Article 3499. McClellan v. Premier Nissan, L.L.C., 167 So.3d 934 (5th Cir. 2015).

In Tyler v. Hanes, 760 So.2d 559, 563 (La. Ct. App. 2000), the court explained:

> A contract is significantly different from an open account. Louisiana Civil Code Article 1906 defines contract as "[a]n agreement by two or more parties whereby obligations are created, modified, or extinguished." An open account is an account in which a line of credit is running and is open to future modification because of expectations of prospective business dealings. Services are recurrently granted over a period of time. A contract, however, is an agreement between two or more parties in which an offer is made by one of the parties and acceptance is made by the other party, thereby establishing a concurrence in understanding the terms.

In this case, there was no running line of credit open to future modification, and thus, no open account. Rather, each invoice is a separate sales contract that sets forth the amount of produce sold, the price and payment terms. Therefore, the ten-year prescriptive period applicable to breach

of contract actions applies, and Gambino's motion to dismiss Flavor-Pic's breach of contract claim is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Rule 12(b)(6) Motion to Dismiss filed on behalf of defendant Anthony Gambino d/b/a Creole R&R Flavored Produce (Doc. #11) is **DENIED**.

New Orleans, Louisiana, this  30th  day of March, 2016.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**